# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7021 | **DATE** | February 3, 2012 |
| **CASE TITLE** | Smith et. al. v. City of Chicago et. al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS the City's Motion to Dismiss (doc. #14). The Plaintiffs' claims against City of Chicago and the Chicago Police Department are dismissed with prejudice. Further, the Court orders Plaintiffs to show cause on or before February 17, 2012. why their claims against the remaining Defendants should not be dismissed for want of prosecution.

■[ For further details see below.]     Docketing to mail notice.

## STATEMENT

Dorothy Smith, Olivia Jones, Skyler Jones, Samara Traylor, and Travis Hicks allege they were struck by a vehicle that was fleeing the police. The Plaintiffs then sued the City of Chicago, the Chicago Police Department, Will Archer (who fled from the police), and Harvard Stevens (who owned the car that Archer drove), alleging both a state law tort claim and a claim under 42 U.S.C. § 1983. The City moves to dismiss on a number of grounds.

On January 3, 2008, the Plaintiffs were in Smith's vehicle when it was struck by Archer, who was fleeing from the police who were attempting to enforce an unspecified misdemeanor violation. According to the Plaintiffs, the chase was at speeds exceeding the speed limit and was engaged in with carelessness, recklessness, and intentional disregard for public safety. As a result of the accident, the Plaintiffs suffered damage to Smith's vehicle and personal injuries.

Nearly two years later, on December 31, 2009, the Plaintiffs sued the City of Chicago and its police department in the Circuit Court of Cook County. Three months later, on March 30, 2010, the Plaintiffs' claims were dismissed for want of prosecution. Nothing happened with regard to the Plaintiffs' claims for nearly a year. But on February 23, 2011, the Plaintiffs moved to vacate the dismissal. The state court granted that motion in March 2011, and the Plaintiffs filed an amended complaint, naming Archer and Stevens for the first time. On May 27, 2011, the Plaintiffs' claims were again dismissed for want of prosecution. Shortly thereafter, the Plaintiffs moved a second time to reinstate their claims, and the state court granted their motion in June 2011. Again, nothing happened for several months. Finally, the Plaintiffs served the City of Chicago in September 2011. The City promptly removed the case to this Court and moved to dismiss. Although the Court set a briefing

# STATEMENT

schedule, the Plaintiffs did not respond to the Defendants' motion. Nor is there any indication that the Plaintiffs have made any effort whatsoever to serve Defendants Archer and Stevens.

Plaintiffs' state law claim is plainly untimely and must be dismissed. The Illinois Local Governmental and Governmental Employees Tort Immunity Act sets a one-year limitations period on civil actions against local entities or their employees. 745 ILCS 10/8-101(a). The Plaintiffs were injured in January 2008, but did not file their complaint against the City until December 2009. Thus, their state law tort claim is untimely.

The City also argues that the Court should dismiss the Plaintiffs' claims because they did not exercise proper diligence in obtaining service. Federal courts apply state-court procedural rules to pre-removal conduct, including the timeliness of service of process. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001). Illinois has not specific time period during which process must be served. Instead, Illinois Supreme Court Rule 103(b) allows for dismissals where a plaintiff fails to exercise "reasonable diligence" in executing service. Ill. Sup. Ct. R. 103(b); *Segal v. Sacco*, 136 Ill.2d 282, 285-86, 555 N.E.2d 719 (1990). Dismissal under Rule 103(b) is within the sound discretion of the court. *Segal*, 136 Ill.2d at 286. If the court chooses to dismiss a suit under Rule 103(b), that dismissal should be without prejudice if the statute of limitations has not expired and with prejudice if the statute of limitations has expired. *Segal*, 136 Ill.2d at 286.

In exercising this discretion, courts should examine a variety of factors, including: (1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) plaintiff's knowledge fo the defendant's location; (4) the ease with which defendant's whereabouts could have been obtained; (5) actual knowledge of the defendant regarding the pendency of the suit; (6) special circumstances that have affected a plaintiff's efforts at service; and (7) actual service on the defendant. *Id.* at 287. Virtually all of these factors weigh in favor of dismissal.

In this case, the Plaintiffs waited more than 20 months to effect service on the City. Illinois courts have dismissed cases for ineffective service with far shorter delays. *Womick v. Jackson Cnty. Nursing Home*, 137 Ill.2d 371, 380, 561 N.E.2d 25 (1990) (finding 9 month delay inexcusable and collecting cases). To put the Plaintiffs' 20 month delay in perfecting service in perspective, the Federal Rules allow for 120 days (roughly 4 months). Thus, the Plaintiffs used more than 5 times the time they would have been allotted had they filed suit in federal court.

Moreover, during these 20 months, the Plaintiffs did nothing. The state court twice grew tired of awaiting Plaintiffs to complete service and dismissed the case for want of prosecution. Even after the first dismissal, the Plaintiffs did not move to vacate the dismissal for nearly 11 months. When the City removed the case to this Court, the Plaintiffs have made no attempt to serve the two individual defendants or to learn the names of the police officers involved in the crash so that they might amend the complaint to include them. In other words, for two years, the Plaintiffs have shown absolutely no interest in prosecuting their claims.

Finally, the Plaintiffs were not faced with an uncooperative defendant that made service difficult. The City of Chicago has formal procedures for accepting service. The Plaintiffs did not call the City, perhaps in an attempt to settle the claims without litigation, or otherwise inform the City of the pending law suit. And the Plaintiffs point to no special circumstances that impeded their ability to serve the Defendants. Indeed, Plaintiffs have not even responded to the City's motion.

The Court finds that Plaintiffs' did not exercise reasonable diligence in waiting 20 months to perfect service on the City. Consequently, the Court GRANTS the City's Motion to Dismiss. In addition, the Court orders Plaintiffs to show cause why their claims against Defendants Archer and Stevens should not be dismissed for want of prosecution on or before February 10, 2012.

*Wm. J. Hibbler*